IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DONALD DEAN BIEDERMAN, | CV 18-00126-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| CORECIVIC, MDOC, and DOJ EMPLOYEES OF CROSSROAD CORRECTIONAL CENTER, | |
| Defendants. | |

Plaintiff Donald Biederman, a prisoner proceeding without counsel has submitted a Complaint pursuant to 42 U.S.C. § 1983, a motion to proceed in forma pauperis, and a motion for a 90-day restraining order.  (Docs. 1, 2, 10.)  Read liberally, the Complaint attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a).

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

On October 22, 2018, this Court issued an Order requiring Mr. Biederman to show cause why his motion to proceed in forma pauperis should not be denied pursuant to Local Rule 3.1(e)(4) because it was Mr. Biederman's third action in which he was seeking to proceed in forma pauperis.  (Doc. 6.)  Mr. Biederman

1

complied but the Court recently recommended *Biederman v. Ms. Powell et al*, 18-cv-00016-BMM-JTJ should be dismissed.  In light of that recommendation, the Court will grant Mr. Biederman's motion to proceed in forma pauperis in this action.

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Biederman must pay the statutory filing fee of $350.00.  The initial partial filing fee is waived and Mr. Biederman may proceed with the case.  *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)").  Mr. Biederman will be required to pay the filing fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account.  The percentage is set by statute and cannot be altered.  28 U.S.C. § 1915(b)(2).  Mr. Biederman must make these monthly filing-fee payments simultaneously with the payments required in the other cases he has filed.  *Id.*  By separate order, the Court will direct the facility where Mr. Biederman is held to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full.

## II.  SCREENING PURSUANT TO 28 U.S.C. § 1915 and § 1915A

### A.  Standard

Mr. Biederman is a prisoner proceeding in forma pauperis so the Court must

review his Complaint under 28 U.S.C. §§ 1915, 1915A.  Sections 1915A(b) and

1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis

and/or by a prisoner against a governmental defendant if it is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.  A complaint is

frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v.

Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it was filed with the

intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th

Cir. 2005).  A complaint fails to state a claim upon which relief may be granted if

a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic

Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

A complaint must "contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quotations omitted).  A complaint's allegations must cross "the line

from conceivable to plausible." *Iqbal*, 556 U.S. at 680.  There is a two-step

procedure to determine whether a complaint's allegations cross that line.  *See

Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662.  First, the Court must identify "the

allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*,

556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of

3

truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do

justice").

**B. Analysis**

Rule 8 of the Federal Rules of Civil Procedure sets forth the general rules of pleading and requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Supreme Court has explained that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. The factual allegations necessary to make that showing "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Mr. Biederman provides no facts in support of his Complaint, he only makes the conclusory allegation that:

> This facility does not follow Bureau of Prison, American Bar Association and or the American Corrections Associations Prison Guidelines implemented by the U.S. Government or the Department of Justice and continue on a daily basis of violating U.S. Constitutions of the United States.

(Complaint, Doc. 2 at 4.) Although the Complaint lists a number of areas where apparently Mr. Biederman alleges the CoreCivic facility is deficient, he provides no factual allegations to support his Complaint and provides no description of what specific acts each of the named defendants have done to allegedly violate his constitutional rights. Consequently, the Complaint read as a whole fails to nudge

Mr. Biederman's claims "across the line from conceivable to plausible."

*Twombly*, 550 U.S. at 570.  Mr. Biederman has failed to state a federal claim for

relief and his Complaint is therefore subject to dismissal.

Mr. Biederman relies entirely on the premise that CoreCivic fails to follow

guidelines/policies set forth by other agencies.  Reliance on a prison policy, a state

law, administrative regulations, etc. is not a viable basis for an Eighth Amendment

constitutional claim.  Failure to comply with the guidelines mentioned in Mr.

Biederman's Complaint, without more, is not sufficient to state a constitutional

violation claim.  *See Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990) (violation

of state law does not give rise to a constitutional violation); *Edwards v. Johnson*,

209 F.3d 772, 779 (5th Cir. 2000) ("[A] violation of prison regulations in itself is

not a constitutional violation."); *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th

Cir. 1993) (failure to adhere to administrative regulations does not equate to a

constitutional violation); *Riccio v. Cty of Fairfax*, 907 F.2d 1459, 1469 (4th Cir.

1990) (holding that state's failure to abide by its own procedural regulations is not

a federal due process issue).

Mr. Biederman must show more than a violation of guideline or policy, he

must show the elements of an Eighth Amendment claim.  Prison officials violate

the Eighth Amendment's prohibition against cruel and unusual punishment when

they deny humane conditions of confinement with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state a claim for such an Eighth Amendment violation, an inmate must show objective and subjective components. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). The objective component requires an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial risk of serious harm. *Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996). The subjective component requires prison officials acted with the culpable mental state, which is "deliberate indifference" to the substantial risk of serious harm. *Farmer*, 511 U.S. at 837-38; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

"[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837-38; *see May v. Baldwin*, 109 F.3d 557, 566 (9th Cir. 1997) (rejecting plaintiff's claims disciplinary segregation violated the Eighth Amendment because plaintiff "failed to allege facts establishing the deprivation of adequate food, drinking water, sanitation, or personal hygiene items").

7

There are no factual allegations contained in the Complaint, therefore, Mr. Biederman has failed to state an Eighth Amendment claim regarding his conditions of confinement.

## III.  MOTION FOR 90 DAY RESTRAINING ORDER

Mr. Biederman filed a notice of change of address indicating that he has been moved from Crossroads Correctional Center to Montana State Prison.  (Doc. 9.)  If an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  *See Prieser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Johnson v. Moore*, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).  As Mr. Biederman is now incarcerated at Montana State Prison, he does not have standing to obtain injunctive relief regarding the conditions of confinement at Crossroads nor does he have standing to challenge the transfer of other prisoners from one facility to another.  The motion for restraining order should be denied.

## IV.  CONCLUSION

28 U.S.C. §§ 1915, 1915A require a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but these statutes do not deprive the district court of its discretion to grant or deny leave to amend.  *Lopez v. Smith*,

8

203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

As currently plead, Mr. Biederman's Complaint fails to state a claim upon which relief may be granted and is subject to dismissal. The Court cannot say with certainty that amendment would be futile and will therefore, permit Mr. Biederman to amend if, consistent with Fed. R. Civ. P. 11,[1] he can truthfully allege facts that would support a plausible claim for relief.

## A. Amended Complaint

Any amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Once Mr. Biederman files an amended complaint, it replaces the

---

[1] Rule 11(b) of the Federal Rules of Civil Procedure provides: By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

original complaint, and the original complaint no longer serves a function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If Mr. Biederman fails to use the court-approved form, the Court may strike the amended complaint and recommend the dismissal of this action. Mr. Biederman may not change the nature of this suit by adding new, unrelated claims in his amended complaint.[2]

Any amended complaint must consist of short, plain statements telling the Court: (1) the rights Mr. Biederman believes were violated; (2) the name of the defendant(s) who violated the rights; (3) exactly what each defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Mr. Biederman's rights; (5) when the alleged actions took place; and (6) what injury Mr. Biederman suffered because of that defendant's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Mr. Biederman must repeat this process for each defendant. Conclusory

---

[2]A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George*, 507 F.3d at 607.

statements are not enough, nor are declarations that all defendants violated some law or statute. Instead, Mr. Biederman must provide specific factual allegations for each element of each of his claims, and must state with specificity to which defendants each of his claims apply. If Mr. Biederman fails to affirmatively link the conduct of a defendant with an injury suffered, the allegation against that defendant will be dismissed for failure to state a claim.

In describing the acts and/or omissions of individual defendants, Mr. Biederman is advised that Section 1983 imposes individual liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978). This can be established in two ways. First, an individual can be held liable for his or her own personal acts that directly cause an injury. Second, an individual can be held liable in his or her individual capacity under a theory of supervisory liability. "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). To impose liability under Section 1983 against a supervisor, a plaintiff must establish the supervisor's prior knowledge of unconstitutional conduct committed by

subordinates that would give the supervisor notice of the need for changes. *Howell v. Earl*, 2014 WL 2594235 (D. Mont. 2014) (*citing Starr*, 652 F.3d at 1208; *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011)); *see also Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991), *Watkins v. City of Oakland*, 145 F.3d 1087, 1093–94 (9th Cir. 1997), and *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007).

Section 1983 will not impose liability on supervising officers under a respondeat superior theory of liability.  *Monell*, 436 U.S. at 691-94.  That is, a defendant cannot be held liable just because they supervise other employees.  Instead, supervising officers can be held liable under Section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights."  *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987).  A supervisor may be liable:  (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a reckless or callous indifference to the rights of others.  *Larez*, 946 F.2d at 646.

Allegations against supervisors that resemble "bald" and "conclusory"

allegations will be dismissed. *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012).

Mr. Biederman must allege "sufficient facts to plausibly establish the defendant's

'knowledge of' and 'acquiescence in' the unconstitutional conduct of his

subordinates." *Hydrick*, 669 F.3d at 942 (*citing Starr*, 652 F.3d at 1206–07).

### B.  Possible Dismissal

If Mr. Biederman fails to timely comply with every provision of this Order,

this action may be dismissed. *Ferdik*, 963 F.2d at 1260-61 (court may dismiss an

action for failure to comply with any order of the court).

### C.  Address Change

At all times during the pendency of this action, Mr. Biederman must

immediately advise the Court of any change of address and its effective date.

Failure to file a notice of change of address may result in the dismissal of the

action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

### ORDER

1.  Mr. Biederman's Motion to Proceed in Forma Pauperis (Doc. 1) is

GRANTED.  The Clerk shall edit the text of the docket entry for the Complaint

(Doc. 2) to remove the word "LODGED."  The Complaint is deemed filed on

October 9, 2018.

2.  On or before June 21, 2019, Mr. Biederman may file an amended complaint.

3.  The Clerk of Court is directed to provide Mr. Biederman a form for filing an amended complaint.

Further, the Court issues the following:

## RECOMMENDATIONS

Mr. Biederman's Motion for a 90-day Restraining Order (Doc. 10) should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Biederman may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[3]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

---

[3]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail). . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Biederman is being served by mail, he is entitled an additional three days after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 21st day of May, 2019.

_/s/ John Johnston_
John Johnston
United States Magistrate Judge