IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DONALD DEAN BIEDERMAN, | CV 18-00126-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| CORECIVIC, MDOC, and DOJ EMPLOYEES OF CROSSROAD CORRECTIONAL CENTER, | |
| Defendants. | |

Plaintiff Donald Biederman, a prisoner proceeding without counsel has submitted a Complaint pursuant to 42 U.S.C. § 1983 alleging general deficiencies regarding the conditions of confinement at Crossroads Correctional Center.  (Doc. 2.)  The Court screened the Complaint pursuant to 28 U.S.C. §§ 1915, 1915A and determined that Mr. Biederman's Complaint failed to state a claim upon which relief may be granted and was subject to dismissal.  The Court could not say with certainty that amendment would be futile and therefore permitted Mr. Biederman the opportunity to file an amended complaint.  (Doc. 13.)  Mr. Biederman filed an Amended Complaint on June 19, 2019.  (Doc. 14.)

Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental

defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This matter should be dismissed for failure to state a claim.

Mr. Biederman was specifically advised in the Court's prior Order that Rule 8 of the Federal Rules of Civil Procedure requires "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. The factual allegations necessary to make that showing "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

As with his original Complaint Mr. Biederman provides no facts in support of his Amended Complaint, he only makes the conclusory allegation that the named Defendants violated the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution by depriving him of his liberty interest and subjecting him to cruel and unusual conditions.  He states:

> The named defendants subjected me to violence, rampant drug use, shortage of officers which made an un-safe enviroment [sic] which made me vulnerable to attack having medical issue depression and other mental health issues even thought of suicide.  I had legal mail missing.  I was threatened with violence.  Staff even the Warden constantly harassed and retaliated against.  I asked the Governor and Attorney Tim Fox ignored by pleas for help.

(Amended Complaint, Doc. 14 at 5.)  Mr. Biederman lists a number of defendants but states only that they deprived him of his liberty interest and subjected him to

cruel and unusual conditions.  (Amended Complaint, Doc. 14 at 9-14.)  As with his original Complaint, the Amended Complaint makes only these general allegations without specific factual allegations and he provides no description of what specific acts each of the named defendants have done to allegedly violate his constitutional rights.  Consequently, the Amended Complaint read as a whole fails to nudge Mr. Biederman's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  Mr. Biederman has failed to state a federal claim for relief and this matter should be dismissed.

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they deny humane conditions of confinement with deliberate indifference.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  To state a claim for such an Eighth Amendment violation, an inmate must show objective and subjective components.  *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).  The objective component requires an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial risk of serious harm.  *Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996).  The subjective component requires prison officials acted with the culpable mental state, which is "deliberate indifference" to the substantial risk of serious harm.  *Farmer*, 511 U.S. at 837-38; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

3

There are no factual allegations contained in the Amended Complaint,

therefore, Mr. Biederman has failed to state an Eighth Amendment claim

regarding his conditions of confinement.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED for failure to state a federal claim.

2.  The Clerk of Court should be directed to close this matter and enter

judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the

Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith.  No

reasonable person could suppose an appeal would have merit.  The record makes

plain the Complaint lacks arguable substance in law or fact.

4.  The Clerk of Court should be directed to have the docket reflect that this

dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr.

Biederman failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Biederman may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 24th day of June, 2019.


  */s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Biederman is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.