IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DONALD DEAN BIEDERMAN, | CV 18–00126–GF–BMM–JTJ |
| Plaintiff, | |
| vs. | ORDER |
| CORECIVIC, MDOC, and DOJ EMPLOYEES OF CROSSROAD CORRECTIONAL CENTER, | |
| Defendants. | |

Plaintiff Donald Dean Biederman ("Biederman"), a pro se prisoner proceeding without counsel, filed a Complaint regarding the conditions of his confinement at Crossroads Correctional Center. (Doc. 2.) The Court determined that Biederman's Complaint was subject for dismissal for failure to state a claim. (Doc. 11 at 14.) The Court gave Biederman an opportunity to file an amended complaint and specifically advised him that the Court would dismiss this matter if he failed to correct the defects in his Complaint. *Id* at 13. Biederman filed an amended Complaint on June 19, 2019. (Doc. 14.)

United States Magistrate Judge John Johnston entered his Findings and Recommendations in this matter on June 24, 2019. (Doc. 16.) Judge Johnston

determined that Biederman's amended Complaint failed to state a claim and should be dismissed. For the reasons set forth in the Court's Order on May 21, 2019, (Doc. 11), the Court determines that Biederman has failed to state a federal claim upon which relief may be granted and the failure meets the requirements for dismissal.

Biederman timely filed an objection on July 12, 2019. (Doc. 17.) Biederman is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent specific objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted).

Biederman's objection presents a reargument of the same allegations that he brought forth in his original Complaint. (Doc. 2.) Biederman fails to present a legal argument and supporting authority to any part of Judge Johnston's Findings and Recommendations. Therefore, the Court reviews Judge Johnson's Findings and Recommendations for clear error. The Court finds no clear error in Judge Johnston's Findings and Recommendations.

**IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 16) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Biederman's action is **DISMISSED** for failure to state a federal claim.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaints lack arguable substance in law or fact.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

DATED this 24th day of July, 2019.

Brian Morris
United States District Court Judge